IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCES HAMILTON<br>4207 Kevin Road<br>Havre de Grace, MD<br>**Plaintiff**<br>v.<br><br>MAYOR & CITY COUNCIL OF BALTIMORE<br>100 N. Holliday Street<br>Baltimore, MD 21202<br><br>And<br><br>BALTIMORE POLICE DEPARTMENT<br>601 E. Fayette Street<br>Baltimore, MD 21202<br><br>And<br><br>POLICE COMMISSIONER LEONARD HAMM<br>601 E. Fayette Street<br>Baltimore, MD 21202<br>**Defendants** | : Civil No.<br><br>WDQ07CV2952<br><br>___ FILED   ___ ENTERED<br>___ LODGED  ___ RECEIVED<br><br>OCT 2 3 2007<br><br>AT BALTIMORE<br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND<br>NIGHT DROP BOX |

## COMPLAINT AND DEMAND
## FOR JURY TRIAL

Plaintiff, Frances Hamilton, by and through her undersigned counsel, sues the above defendant as follows:

## NATURE OF CONTROVERSY

1.  This is an action brought pursuant to §706 of the Civil Rights Act of 1964 (as amended 1991), 42 U.S.C.§2000e, et seq. (Title VII); 42 U.S.C. § 1981 and the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 to redress grievances which Plaintiff has against the above Defendants for actions made unlawful by the above statutes and constitutional provisions.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction of this matter under 28 U.S.C.§§1331, 1337 and 1343 (a)(3) and (4) as well as 42 U.S.C.§2000e-5 (Title VII of the Civil Rights Act of 1964 (as amended 1991). Jurisdiction is also invoked pursuant to 29 U.S.C. §§ 216 (b) and (c).

3.  Plaintiff has fully complied with all prerequisites for jurisdiction in this Court. This action is founded on discrimination complaints alleging disparate treatment, retaliation and hostile work environment, all of which were timely filed with the federal Equal Employment Opportunity Commission ("EEOC"). On July 25, 2007 the EEOC issued a right to sue letter.

## PARTIES

4.  Plaintiff, Frances Hamilton is an African-American female who resides in Harford County, Maryland. Plaintiff was employed by the Defendant during the period beginning October 2001 until January 2007 when she was terminated from her position. Her termination became effective on or about January 26, 2007. The unlawful discriminatory acts committed by the Defendants were based upon Plaintiff's race, color and gender.

5.  Defendant, Mayor and City Council of Baltimore (hereinafter, "City of Baltimore"), is a municipal corporation duly organized and existing under the laws of Maryland and is an employer as defined as such in 42 U.S. C. §2000e (as amended 1972), employing more than 15 employees. Defendant City of Baltimore is a "person" for purposes of enforcement of the rights guaranteed under 42 U.S.C. §§ 1981 and 1983 and the Fourteenth Amendment to the U.S. Constitution. At all times relevant to this action, Defendant City of Baltimore, through its agents and/or employees, condoned, ratified, authorized and/or engaged in the discriminatory practices and wrongful acts described in this Amended Complaint.

6. Defendant Leonard Hamm was at all times relevant to this Complaint the Police Commissioner of the Baltimore Police department, an employee of the City of Baltimore and the principal administrator of the BPD. He was responsible the institution and application of the BPD's employment policies, including its internal investigatory and disciplinary processes. He was also responsible for ensuring that the actions of the BPD did not deprive any individual of the rights secured by the Constitution and laws of the United States as well as the constitution and laws of the State of Maryland and the City of Baltimore. Defendant Hamm was the final authority in all disciplinary matters and was responsible for the actions of employees of the BPD.

7. Defendant, Baltimore Police Department (hereinafter "BPD"), is a department, bureau and or subdivision of Maryland State government and is an employer as defined as such in 42 U.S. C. §2000e (as amended 1972), employing more than 15 employees. At all times relevant to this action, Defendant BPD, through its agents and/or employees, condoned, ratified, authorized and/or engaged in the discriminatory practices and wrongful acts described in this Complaint.

## FACT COMMON TO ALL COUNTS

8. Plaintiff was hired by the Defendants in October 2001. On or about September 2005, Plaintiff was transferred to the Accident Investigation Unit (AIU) of the Traffic Section, Special Operations Division. She was assigned to work under the supervision of Sergeant Robert Magness.

9. Prior to Plaintiff being transferred to the AIU, Sergeant Magness advised the Plaintiff that several other members complained about her coming into the AIU. At the time of Plaintiff's transfer, she was the only African American assigned to the AIU at that time.

10. In December 2004, Plaintiff received her six month evaluation from

Sergeant Magness. Sergeant Magness complained that Plaintiff was too aggressive in her enforcement of the traffic laws and that she conducted too many car stops. In other words, Sergeant Magness complained that Plaintiff, a member of the Traffic Section, was too aggressive in the manner in which she enforced traffic laws. Sergeant Magness further stated that he preferred not to have Plaintiff as a member of his squad.

11. Plaintiff later met with Sergeant Magness and his supervisor, Lieutenant Leslie Banks, a Caucasian female in February 2005. The purpose of the meeting was to discuss the Plaintiff's unsatisfactory performance evaluation.

12. During the meeting, Sergeant Magness told Plaintiff, in the presence of Lieutenant Banks, that he really didn't believe Plaintiff wanted to be in the AIU, and they had no time for people who do not wish to be there.

13. Subsequently, Plaintiff was consistently denied opportunities to attend additional training classes, routinely denied leave, and unjustifiably subjected to disciplinary action.

14. Moreover, other police officer's assigned to Plaintiff's squad in AIU, all of whom are Caucasian, constantly ridiculed and berated the Plaintiff and spread false rumors about her having a romantic affair with Sergeant Magness, a Caucasian male who is interracially married.

15. On November 6, 2005 Plaintiff lodged a written internal complaint of race discrimination and hostile work environment to the commanding cfficer of the Special Operations Division. The complaint detailed a number of discriminantory acts that Plaintiff suffered during her tenure at the AIU.

16. Three days later, on November 9, 2005 the commanding officer called Plaintiff into his office for a conference. Plaintiff believed she would be able to discuss her complaint. Instead, the commanding officer served Plaintiff with disciplinary charges.

17. On or about January 26, 2007, the Plaintiff was terminated based upon these charges, which were minor in nature and did not rise to the level of a termination offense.

## COUNT I (Title VII)
### (Race Discrimination)

18. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 17 of this amended complaint with the same force and effect as if fully set forth herein.

19. Defendants discriminated against the Plaintiff discriminatorily subjecting Plaintiff to a hostile work environment; retaliating against the Plaintiff for seeking lodging an internal complaint of discrimination; and terminate her employment without cause or justification. These unlawful and discriminatory actions were taken on the basis of the Plaintiff's race and/or color, and were so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

20. The Defendants' discriminatory practices and retaliatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiff to suffer humiliation, embarrassment and emotional distress.

21. The foregoing conduct violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.

## COUNT II (Title VII)
### (Retaliation and Reprisal)

22. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21 of this of this amended complaint with the same force and effect as if fully set forth herein.

23. Defendants discriminated against the Plaintiff discriminatorily subjecting Plaintiff to a hostile work environment; retaliating against the Plaintiff for seeking lodging an internal complaint of discrimination; and terminate her employment without cause or justification. These unlawful and discriminatory actions were taken on the basis of the Plaintiff's race and/or color, and were so severe and pervasive as to alter the terms and conditions of Plaintiff's employment. Such retaliation and/or reprisal violated the prohibitions set forth in 42 U.S.C.§2000e et seq., which prohibits retaliation or reprisal against a person for engaging in activity or conduct protected by Title VII.

24. As a direct and proximate result of these acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income and loss of other employment benefits. Furthermore, Plaintiff has suffered and continues to suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

  a. Grant such equitable relief as is proper and just, including but not limited to ordering Defendants to reinstate Plaintiff's employment and provide her with back pay with interest;

  b. Award compensatory damages for pain, suffering, emotional distress loss of dignity, humiliation and damages to reputation and livelihood endured by Plaintiff in amounts that are fair, just and reasonable, to be determined at trial;

  c. Award Plaintiff all costs of this action and reasonable attorney fees as provided for in 42 U.S.C. §1988 and 42 U.S.C. § 20006-5(k)

  d. Grant the Plaintiff such other and further relief as the Court

deems just and proper, including injunctive and declaratory relief as may be required in the interest of justice.

Dated:  October 23, 2007

/S/ _____
Robert L. Smith, Jr.
Bar No. 24468
10 North Calvert Street
Suite 204
Baltimore, Maryland  21202
(410) 244-1222

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this case.

/S/ _____
Robert L. Smith, Jr.